UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYANT BROWN,
HRATCH YEREMIAN,

    Plaintiffs,
v().                                              Case No. 22-12978
                                               Honorable Victoria A. Roberts

MGM GRAND CASINO,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS [ECF NO. 12]

**I.    INTRODUCTION**

Bryant Brown and Hratch Yeremian ("Plaintiffs") filed suit against their former employer MGM Grand Casino ("MGM"). Plaintiffs take issue with MGM policy mandating that all employees get vaccinated against COVID-19 (the "Policy"). They say MGM wrongfully terminated them, failed to accommodate their religious beliefs, and discriminated against them.

Plaintiffs' second amended complaint ("SAC") alleges four Counts, but only two are relevant to this motion, Count I: religious discrimination – failure to accommodate under Title VII of the Civil Rights Act of 1964 ("Title VII") and Count III: religious discrimination – disparate treatment under Michigan's Elliot-Larsen Civil Right Act ("ELCRA"). MGM moves to dismiss

Count I for Brown only and Count III for Brown and Yeremian of Plaintiffs SAC (although MGM erroneously refer to the first amended complaint in the title of its motion). [ECF No. 12].

Genuine issues of material facts exist as to whether Brown submitted a religious accommodation request in Count I. And in Count III, Plaintiffs plausibly allege a disparate treatment claim. The Court **DENIES** the motion.

## II.　FACTUAL BACKGROUND

In August 2021, MGM announced a mandatory COVID-19 vaccination policy. MGM made clear that it would terminate any employee who did not comply with the Policy by October 15, 2021. Plaintiffs sought exemptions from the policies.

### A. Yeremian's Accommodation Request and Termination

Yeremian was a warehouse manager at MGM. In September 2021, he formally submitted a religious accommodation request. Yeremian told MGM that he could not comply with the Policy because of his sincere religious belief. Days after Yeremian submitted his accommodation request, MGM issued a denial letter.

The letter challenged the sincerity of Yeremian's beliefs and claimed that exempting Yeremian from the Policy would pose undue hardship on MGM.

Yeremian refused to compromise his religious beliefs and did not receive the COVID-19 vaccine. On October 18, 2021, MGM terminated Yeremian for not complying with MGM policies and "engaging in conduct that did not support MGM's goals and objectives."

### B. Brown's Accommodation Request and Termination

It is not clear what Brown's position was at MGM. In October of 2021, he received a call from MGM's Human Resources Department inquiring about his vaccination status. During the call, Brown says he also told MGM that his "body is a temple" and that he is allowed to choose what he puts in it. Brown alleges that he expressed to MGM that his sincere religious beliefs conflicted with the Policy and that he affirmed this in writing via email.

Like Yeremian, Brown did not compromise his religious beliefs and get the COVID-19 vaccine. Brown received a letter on October 18, 2021, terminating his employment with MGM for noncompliance with MGM policies.

### III.   LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A court must "construe the complaint in

the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). This standard does not "impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

Dismissal under Rule 12(b)(6) is warranted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

### IV.   ANALYSIS

#### A. Brown's Accommodation Request

In Count I of the SAC, Plaintiffs allege failure to accommodate under Title VII.

To state a claim for failure to accommodate, Brown must allege facts to demonstrate that he: (1) holds a sincere religious belief that conflicts with an employment requirement; (2) informed his employer about the conflict; and (3) was discharged or disciplined for failing to comply with the conflicting employment requirement. *Bolden v. Lowes Home Centers, LLC*, 783 F. App'x 589, 597 (6th Cir. 2019). At issue is whether Brown informed MGM about the conflict between his religion and the Policy.

MGM argues that, unlike Yeremian, Brown did not file a formal accommodation request and failed to make one informally, so his Count I must be dismissed because he did not tell MGM that his sincere religious belief conflicted with the Policy. Brown concedes that he did not file a formal request but alleges that he informally told MGM that he would need an accommodation over the phone and via email. Brown's allegations are enough to survive dismissal.

MGM does not cite any authority stating that Brown's phone call or email would not be enough to inform his employer about the conflict. And, in the context of other discrimination-based failure to accommodate claims, plaintiffs are not required to use any "magic words" or follow an overly formal process to request an accommodation. *See, e.g., King v. Steward Trumbull Mem'l Hosp., Inc.*, 30 F.4th 551, 564 (6th Cir. 2022) ("as an employee does

5

not need to use magic words to inform her employer that she is disabled [under the Americans with Disabilities Act], the employee does not need to explicitly use the word "accommodation.")(citations omitted); *Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 419 (6th Cir. 2020) (stating that the employee does not need to formally request the accommodation, instead courts ask whether "a factfinder could infer that the interaction constituted a request for an accommodation."); *Buggs v. FCA US, LLC*, No. 22-1387, 2023 WL 2468378, at *6 (6th Cir. Jan. 20, 2023) (evaluating what is sufficient to request an accommodation under the ELCRA). The most important consideration in these cases is the interaction itself, and whether that interaction sufficiently notifies the employer of the employee's need for an accommodation. *See id*.

Few courts have addressed the specific question of what actions are enough for an employee to sufficiently inform or notify his employer of a conflict between his work duties and his religious beliefs. At least two in this circuit have held that an employee need not request an accommodation in a particular manner to notify his employer of his need for a religious accommodation and trigger the employer's Title VII obligation to reasonably accommodate an employee's religious practices. *Jiglov v. Hotel Peabody, G.P.*, 719 F. Supp. 2d 918, 930 (W.D. Tenn. 2010). *See also E.E.O.C. v.*

*White Lodging Servs. Corp*., No. CIV.A. 3:06CV-353-S, 2010 WL 1416676, at *6 (W.D. Ky. Mar. 31, 2010).

The Court adopts that view. It is consistent with the Equal Employment Opportunity Commission's guidance and case law which only requires a plaintiff generally prove he "informed" his employer about the conflict, not that he did so in a particular manner. *See* [ECF No. 13, PageID.199, Footnote 1]; *See also Bolden*,783 F. App'x 589, 597.

Brown claims that he notified MGM of his need for an accommodation during an October phone call. [ECF No. 11, PageID.103]. He says he during the call he expressed that getting vaccinated interfered with his sincerely held beliefs. *Id*. Brow also says he followed up with an email saying that he is entitled to choose what he puts in his body. *Id*.

MGM says Brown does not have proof of the email affirming what he said on the call. MGM suggests that the Court should not give any weight to Brown's claim that he told MGM about his religious beliefs over the phone. [ECF No. 12, PageID.131]. It wants the Court to focus on Browns statement that "his body is a temple." But the Court cannot evaluate the credibility of Brown's allegations at this juncture or look at a single statement in isolation. Instead, it must view all the facts and accept them as true. In doing so, a jury could find that Brown's correspondence was enough to inform MGM of his

need for an accommodation. Dismissal on this ground is improper.

Brown alternatively argues that notification would have been futile. He says in such cases, Title VII does not require an employee to notify his employer. The Court need not address this argument since Brown's allegations survive dismissal.

### B. The Court Construes Count III As Alleging Disparate Treatment under the ELCRA

MGM argues that Count III of the SAC asserts a religious discrimination failure to accommodate claim under the ELCRA. MGM says the claim must be dismissed because there is no such action under the ELCRA.

Plaintiffs agree that they cannot bring a failure to accommodate claim under the ELCRA, but they say Count III alleges disparate treatment.

The Court acknowledges that Count III contains language which makes it appear to be a failure to accommodate claim. *See* [ECF No. 11, PageID.113-14]. But, as discussed in greater detail in the following section, the Court finds that Plaintiffs allege facts that support a disparate treatment claim in other areas of the complaint. [ECF No. 11, PageID.111]. Plaintiffs incorporate those facts in Count III. *See* [ECF No.11, Page.ID112 at ¶109 ]. Plaintiffs also title Count III: "Violation Of Elliot-Larsen Civil Rights Act ("ELCRA") Religious Discrimination – Disparate Treatment"

8

Viewing the facts in a light most favorable to Plaintiffs and making all reasonable inferences in their favor, the Court finds enough factual material to construe Count III as alleging disparate treatment. Plaintiffs claim should proceed. See Foman v. Davis, 371 U.S. 178, 182 (1962)("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.)

MGM cites two cases to support its position that Plaintiffs' Count III is a failure to accommodate claim purporting to be a religious discrimination claim: Ureche v. Home Depot U.S.A., Inc., No. 2:06CV11017, 2006 WL 3825070 (E.D. Mich. Dec. 26, 2006) and Lucky v. Landmark Medical of Michigan, Inc., 22-cv-11827, ECF 12, PageID.130-135. These cases are distinguishable.

In Ureche, the plaintiff brought what looked like a failure to accommodate claim. Ureche, No. 2:06CV11017, 2006 WL 3825070. Facing dismissal, he alleged that he actually brought a disparate treatment claim in a footnote in his response brief. Id. at 4. In evaluating his argument, the court examined the entire complaint and found that the plaintiff had not pled a claim for disparate treatment. Id. The Court reasoned that the complaint lacked the elements or any mention of a disparate treatment claim. Id.

This SAC is different from the Ureche complaint. Plaintiffs' complaint

9

contains sufficient factual matter to support their position that Count III alleges disparate treatment. The same is true for *Lucky*. Lucky's complaint did not contain sufficient factual allegations to support a disparate treatment claim. Plaintiffs' SAC does.

### C. Plaintiffs Allege Facts That Support A Claim Of Disparate Treatment.

There are two categories of discrimination claims under the ELCRA: disparate treatment and disparate impact. *Vredevelt v. GEO Grp., Inc.*, 145 F. App'x 122, 127 (6th Cir. 2005) (*citing Dep't of Civil Rights ex rel. Peterson v. Brighton Area Schs.*, 431 N.W.2d 65, 69 (Mich. Ct. App. 1988)). Plaintiffs raise a disparate treatment claim.

Courts analyze ELCRA disparate treatment discrimination claims under the same standards for discrimination claims brought under Title VII. *Crane v. Mary Free Bed Rehab Hosp.*, 634 F. App'x 518, 521 (6th Cir. 2015). Under Supreme Court and Sixth Circuit precedent, plaintiffs need not commit to a particular evidentiary framework at the pleading stage for discrimination claims. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12, (2002) (holding that an employment discrimination complaint "need not" "contain specific facts establishing a prima facie case of discrimination" under the *McDonnell Douglas* framework."); *see also Serrano v. Cintas Corp.*, 699 F.3d 884, 898 (6th Cir. 2012), 699 F.3d at 898 ("*Swierkiewicz* compels the

conclusion that plaintiff is not required to plead whether she intends to employ the *McDonnell Douglas* or the *Teamsters* burden-shifting evidentiary framework.")

The complaint must simply allege "sufficient factual content from which a court ... could draw the reasonable inference ... that discrimination occurred." *Keys v. Humana, Inc.*, 684 F.3d 605, 609–10 (6th Cir. 2012). Plaintiffs' SAC does so.

Plaintiffs allege they (1) were members of a protected class because of their religious beliefs, [ECF No. 11, PageID.112, ¶130]; (2) suffered adverse employment actions when they were terminated *Id*. at ¶107; (3) were qualified for their positions, *Id*. at ¶105; and (4) were treated differently from similarly situated employees of an unprotected class for same or similar conduct. *Id*. at ¶106.

Plaintiffs say that they tried to get religious accommodations, but MGM rejected the requests and fired them while other employees—with different religions—were permitted to work without the COVID-19 vaccine. [ ECF No. 11, PageID.112, ¶103]. These allegations allow the Court to infer that discrimination occurred.

MGM argues that the adverse employment action Plaintiffs suffered was not because of their religious beliefs but because they did not comply

11

with the Policy. [ECF No. 14, PageID.285]. But Plaintiffs contest this. They say MGM's "purported reason [for their termination] is pretextual" because MGM did not require other employees with different religions to get the vaccine. [ECF No. 11, PageID.100, ¶30]. In any case, the Court accepts Plaintiffs' facts as true. Those facts support a disparate treatment discrimination claim.

### CONCLUSION

The Court **DENIES** Defendant's motion to dismiss.

**IT IS ORDERED**.

                                                               s/ Victoria A. Roberts
                                                               Victoria A. Roberts
                                                                United States District Judge

Dated:  8/24/2023