UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRYANT BROWN, HRATCH YEREMIAN, | Case No. 2:22-cv-12978 |
| Plaintiffs, | Hon. Gershwin A. Drain |
| v. | Magistrate Judge David R. Grand |
| MGM GRAND CASINO, | |
| Defendant. | |

| HURWITZ LAW PLLC | JACKSON LEWIS P.C. |
|---|---|
| Noah S. Hurwitz (P74063) | Allan S. Rubin (P44420) |
| Brendan J. Childress (P85638) | Elyse K. Culberson (P82132) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 340 Beakes St., Suite 125 | 2000 Town Center, Suite 1650 |
| Ann Arbor, MI 48104 | Southfield, MI  48075 |
| (844) 487-9489 | (248) 936-1900 |
| noah@hurwitzlaw.com | allan.rubin@jacksonlewis.com |
| brendan@hurwitzlaw.com | elyse.culberson@jacksonlewis.com |

**DEFENDANT'S MOTION *IN LIMINE* REGARDING EVIDENCE OF UNION EMPLOYEES, GRANTED MEDICAL ACCOMMODATION, AND PLAINTIFF'S DAUGHTER'S ALLEGED MEDICAL CONDITION**

Defendant MGM Grand Casino, through its attorneys Jackson Lewis P.C., moves to preclude Plaintiff Hratch Yeremian, his attorneys, and his witnesses from discussing during jury selection or opening statements, or otherwise introducing evidence and testimony at trial related to: (1) union employees; (2) the sole medical exemption granted by Defendant; and (3) Plaintiff's daughter's alleged medical condition.

In support of this Motion, Defendant relies upon the attached Brief in Support and the pleadings on file with the Court.

On November 25, 2024, counsel for the parties met and conferred to discuss the relief requested in this Motion, but concurrence was denied.

Accordingly, Defendant respectfully requests that the Court grant its Motion in its entirety.

                                        Respectfully submitted,
                                        JACKSON LEWIS P.C.

                                        /s/ Allan S. Rubin
                                        Allan S. Rubin (P44420)
                                        Elyse K. Culberson (P82132)
                                        2000 Town Center, Suite 1650
                                        Southfield, MI 48075
                                        (248) 936-1900
                                        Allan.Rubin@jacksonlewis.com
                                        Elyse.Culberson@jacksonlewis.com
Dated: November 27, 2024            Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| BRYANT BROWN, HRATCH YEREMIAN, | Case No. 2:22-cv-12978 |
| Plaintiffs, | Hon. Gershwin A. Drain |
| v. | Magistrate Judge David R. Grand |
| MGM GRAND CASINO, | |
| Defendant. | |

| | |
|---|---|
| HURWITZ LAW PLLC | JACKSON LEWIS P.C. |
| Noah S. Hurwitz (P74063) | Allan S. Rubin (P44420) |
| Brendan J. Childress (P85638) | Elyse K. Culberson (P82132) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 340 Beakes St., Suite 125 | 2000 Town Center, Suite 1650 |
| Ann Arbor, MI 48104 | Southfield, MI 48075 |
| (844) 487-9489 | (248) 936-1900 |
| noah@hurwitzlaw.com | allan.rubin@jacksonlewis.com |
| brendan@hurwitzlaw.com | elyse.culberson@jacksonlewis.com |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* REGARDING EVIDENCE OF UNION EMPLOYEES, GRANTED MEDICAL ACCOMMODATION, AND PLAINTIFF'S DAUGHTER'S ALLEGED MEDICAL CONDITION**

## TABLE OF CONTENTS

INDEX OF CONTROLLING AUTHORITY ......................................................... ii

STATEMENT OF ISSUES PRESENTED............................................................ iv

I. INTRODUCTION ................................................................................... 1

II. LEGAL ARGUMENT.............................................................................. 2

    A. Legal Standard for Motions *In Limine*. ............................................... 2

    B. Evidence Regarding Defendant's Treatment Of Union Employees Is Irrelevant; And Any Probative Value Is Substantially Outweighed By The Danger Of Unfair Prejudice, Confusion Of The Issues, Misleading The Jury, Undue Delay, And Waste Of Judicial Resources. ..................................................... 5

    C. Evidence Regarding One Granted Medical Accommodation Is Irrelevant; And Any Probative Value Is Substantially Outweighed By The Danger Of Unfair Prejudice, Confusion Of The Issues, Misleading The Jury, Undue Delay, And Waste Of Judicial Resources. ............................................................................... 8

    D. Evidence Regarding Plaintiff's Daughter's Alleged Medical Condition Is Irrelevant; And Any Probative Value Is Substantially Outweighed By The Danger Of Unfair Prejudice, Confusion Of The Issues, Misleading The Jury, Undue Delay, And Waste Of Judicial Resources. ................................................... 11

III. CONCLUSION....................................................................................... 13

# INDEX OF CONTROLLING AUTHORITY

Page(s)

**Cases**

*In re Air Crash Disaster*,
   86 F.3d 498 (6th Cir. 1996) ............................................................................... 4

*Cloutier v. Costco Wholesale Corp.*,
   390 F.3d 126 (1st Cir. 2004) ............................................................................ 10

*Collias v. Casino*,
   No. 2:22-cv-12650, 2023 U.S. Dist. LEXIS 177071 (E.D. Mich.
   Sept. 30, 2022) ................................................................................................... 6

*Figgins v. Advance America Cash Advance Ctrs. of Mich., Inc.*,
   482 F. Supp. 2d 861 (E.D. Mich. 2007) ............................................................ 3

*Groff v. DeJoy*,
   600 U.S. 447 (2023) ........................................................................................... 9

*Luce v. United States*,
   469 U.S. 38 (1984) ............................................................................................ 2

*Malburg v. Grate*,
   No. 11-14856, 2014 U.S. Dist. LEXIS 125648 (E.D. Mich. Sep. 9,
   2014) ................................................................................................................... 2

*Marshall v. Western Grain Co.*,
   838 F.2d 1165 (11th Cir. 1988) ......................................................................... 6

*Moore v. Bannon*,
   No. 10-12801, 2012 U.S. Dist. LEXIS 81740 (E.D. Mich. Jun. 6,
   2012) ................................................................................................................... 4

*Old Chief v. United States*,
   519 U.S. 172 (1997) ........................................................................................... 7

*Smith v. Pyro Mining Co.*,
   827 F.2d 1081 (6th Cir. 1987) ........................................................................... 5

*Speer v. UCOR LLC¸*
  No. 3:22-cv-426 (E.D. Tenn. Oct. 1, 2024) ........................................................... 9

*Sutkiewicz v. Monroe County Sheriff*,
  110 F.3d 352 (6th Cir. 2007) ............................................................... 3, 4, 7, 12

*Tepper v. Potter*,
  505 F.3d 508 (6th Cir. 2007) ............................................................................... 5

*United States v. Brawner*,
  173 F.3d 966 (6th Cir. 1999) ............................................................................... 2

*United States v. Seago*,
  930 F.2d 482 (6th Cir. 1991) ............................................................................... 2

**Statutes**

ADA ........................................................................................................................ 9

Civil Rights Act of 1964 Title VII ......................................................................... 1

Title VII .................................................................................................................. 5

**Other Authorities**

Fed. R. Evid. 401 ................................................................................................ 3, 4

Fed. R. Evid. 402 .......................................................................................... *passim*

Fed. R. Evid. 403 .......................................................................................... *passim*

## **STATEMENT OF ISSUES PRESENTED**

1. Should Plaintiff be precluded from introducing evidence regarding Defendant's treatment of union employees relative to its vaccine policy when such evidence is not relevant to any issue before the Court and its probative value is far outweighed by unfair prejudice to Defendant?

    Defendant answers: Yes
    This Court should answer: Yes

2. Should Plaintiff be precluded from introducing evidence regarding the sole granted medical accommodation where such evidence is not relevant to any issue before the Court and its probative value is far outweighed by unfair prejudice to Defendant?

    Defendant answers: Yes
    This Court should answer: Yes

3. Should Plaintiff be precluded from introducing any evidence regarding his daughter's alleged medical condition where such evidence is not relevant to any issue before the Court and any purported probative is far outweighed by the danger of prejudice to Defendant?

    Defendant answers: Yes
    This Court should answer: Yes

I. **INTRODUCTION**

Defendant MGM Grand Detroit ("Defendant") employed Plaintiff Hratch Yeremian ("Plaintiff") as its Warehouse Manager until October 16, 2021, when his employment was terminated for failing to comply with Defendant's COVID-19 vaccine policy ("vaccine policy"). In light of the Court's November 18, 2024 opinion and order on the parties cross-motions for summary judgment (ECF No. 45), the only claim remaining for trial is Plaintiff's religious failure to accommodate claim under Title VII of the Civil Rights Act of 1964 ("Title VII").

Defendant anticipates that at trial, Plaintiff will seek to make statements during jury selection and opening statements, and seek to introduce evidence and testimony, regarding the following: (1) that Defendant's vaccine policy did not apply to its union-represented employees; (2) that Defendant granted one medical accommodation to a post-offer Dealer Trainee applicant ("Dealer Trainee"); and (3) Plaintiff's belief that his daughter's alleged medical condition, which he testified at his deposition to be alopecia, was allegedly caused by the Tdap (Tetanus, Diphtheria, Pertussis) vaccine. Indeed, each of these categories were identified in Plaintiff's initial draft of the Joint Final Pretrial Order ("JFPTO") circulated to defense counsel on November 25, 2024.

As set forth more fully below, Plaintiff should be precluded from discussing during jury selection or opening statements, or otherwise introducing testimony or

other evidence at trial pertaining to these areas because they are not relevant to Plaintiff's sole remaining claim. Alternatively, if this Court deems such evidence relevant, it should also be excluded because any probative value, if any, is marginal and far outweighed by the danger of unfair prejudice to Defendant, confusion of the issues, misleading the jury, and wasting time and judicial resources.

## II. LEGAL ARGUMENT

### A. Legal Standard for Motions *In Limine*.

Federal district courts have the authority to make *in limine* rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures—including motions *in limine*—in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991); *see also Malburg v. Grate*, No. 11-14856; 2014 U.S. Dist. LEXIS 125648, at *3-4 (E.D. Mich. Sep. 9, 2014).[1] Thus, the motion *in*

---

[1] Unpublished cases are attached as Exhibit A.

2

*limine* is an important device for a party to secure a fair trial, allowing the court to prevent a party from prejudicing the jury with inflammatory, irrelevant or potentially inadmissible evidence. The purpose of purpose of motions *in limine* is described in *Figgins v. Advance America Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007):

> A formal mechanism for obtaining advance rulings on the admissibility of evidence would seem to serve at least the following ends: (i) facilitate trial preparation by providing information pertinent to strategic decisions; (ii) reduce distractions during trial and provide for a smoother presentation of evidence to the jury; (iii) enhance the possibility of settlement of disputes without trial; (iv) provide some additional insulation of the jury from prejudicial inadmissible evidence; and (v) improve the conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial. Quoting, *Report of Kentucky Study Committee*, 1989, p. 5, quoted in *Lawson, The Kentucky Evidence Law Handbook*, pp. 33-34 (3d ed. 1993).

When determining the admissibility of evidence, the court must first decide whether the evidence is relevant, and if so, the court then must decide if the evidence should be excluded. *Sutkiewicz v. Monroe County Sheriff*, 110 F.3d 352, 357 (6th Cir. 2007).

Rule 401 of the Federal Rules of Evidence provides, "[e]vidence is relevant if (a) it has any tendency to make a fact more probable than it would be without the evidence and (b) the fact is of consequence in determining the action." The fundamental inquiry "is whether 'an item of evidence, when tested by the processes of legal reasoning, possesses the sufficient probative value to justify

3

receiving it in evidence' and the evidence relates to a material fact of the case." *Moore v. Bannon*, No. 10-12801, 2012 U.S. Dist. LEXIS 81740, at *11 (E.D. Mich. Jun. 6, 2012) (quoting Fed. R. Evid. 401 advisory committee's note).

Assuming the evidence satisfies the relevance requirement of Rule 401, it may nevertheless be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In other words, Rule 403 applies "when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate." *In re Air Crash Disaster*, 86 F.3d 498, 538 (6th Cir. 1996).

"A district court has broad discretion in balancing the probative value against prejudicial impact of evidence to exclude evidence already found to be relevant." *Moore*, 2012 U.S. Dist. LEXIS 81740, at *11 (citing *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008); *Sutkiewicz*, 110 F.3d at 360 (quoting *United States v. Feinman*, 930 F.2d 495, 499 (6th Cir. 1991)).

### B. Evidence Regarding Defendant's Treatment Of Union Employees Is Irrelevant; And Any Probative Value Is Substantially Outweighed By The Danger Of Unfair Prejudice, Confusion Of The Issues, Misleading The Jury, Undue Delay, And Waste Of Judicial Resources.

The only remaining claim to be tried before the jury is Plaintiff's Title VII religious failure to accommodate claim. To meet his burden, Plaintiff must show that: (1) he holds a sincere religious belief that conflicts with an employment requirement; (2) he has informed the employer about the conflict; and (3) he was discharged or disciplined for failing to comply with the conflicting employment requirement. *Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir. 2007). Only if Plaintiff establishes a *prima facie* case does the burden shift to Defendant "to show that it could not reasonably accommodate the employee without undue hardship." *Id*.

Pursuant to Fed. R. Evid. 402, Plaintiff should be precluded from discussing during jury selection or opening statements, or otherwise introducing testimony or other evidence at trial pertaining to Defendant's union employees. Specifically, evidence and testimony regarding the fact that the vaccine policy did not apply to union employees should be excluded because how Defendant treated others not similarly situated to Plaintiff is irrelevant and should be precluded under Fed. R. Evid. 402. Defendant anticipates that Plaintiff will argue such evidence is relevant to Defendant's undue hardship defense, but it is well-established that undue hardship is a highly individualized inquiry. *See Smith v. Pyro Mining Co.*, 827 F.2d

5

1081, 1085 (6th Cir. 1987) ("[A]n employer's attempt at accommodation…must be determined on a case-by-case basis, what may be a reasonable accommodation for one employee may not be reasonable for another."); *Collias v. Casino*, No. 2:22-cv-12650, 2023 U.S. Dist. LEXIS 177071, at *22 (E.D. Mich. Sept. 30, 2022) ("Because union employees are uniquely situated in the workplace, they cannot be comparators for non-union employees who are treated differently."); *see also Marshall v. Western Grain Co.*, 838 F.2d 1165, 1170-71 (11th Cir. 1988) ("The ability of an employer to modify the collective bargaining agreement, for example, is greatly restricted whenever the proposed modification involves 'wages, hours, and other terms and conditions of employment.'").

Because the undue hardship determination is a highly individualized inquiry, the fact that Defendant could not unilaterally impose the vaccine policy over its union-represented employees is irrelevant to its undue hardship decision with respect to Plaintiff. Tellingly, it is undisputed that Defendant was legally prohibited from unilaterally imposing the vaccine policy over its union-represented employees. (ECF No. 34, PageID.1613-1614, n 4-5; ECF No. 41, PageID.2368; ECF No. 45, PageID.2446-2447, 2480.) Moreover, Plaintiff was the only Warehouse Manager and was responsible for overseeing the successful operation of Defendant's Warehouse, along with accounts payable and inventory. (ECF No. 45, PageID.2445; ECF No. 34, PageID.1611-1612.) Yet by contrast, union

6

employees were located in various areas throughout Defendant's property and had drastically different non-managerial duties, and critically, had hundreds of replacements if they were to call out. (ECF No. 34-3, PageID.1687.) Defendant's individualized determination that accommodating Plaintiff posed an undue hardship is irrelevant to the fact that union employees were not subject to the vaccine policy, and thus, it should be excluded under Fed. R. Evid. 402.

However, even if this evidence were relevant to Plaintiff's sole claim for trial, it should nonetheless be excluded under Fed R. Evid. 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and wasting time and judicial resources. The Sixth Circuit has defined "undue prejudice" as "the undue tendency to suggest a decision based on improper considerations[.]" *Sutkiewicz*, 110 F.3d at 360 (quoting *Doe v. Claiborne County*, 103 F.3d 495, 515 (6th Cir. 1996)). *See also* Advisory Committee's Notes on Fed. R. Evid. 403, cited approvingly in *Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("Unfair prejudice…means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."). The introduction of evidence pertaining to union employees will have the effect of unfairly prejudicing Defendant because, as set forth above, Defendant's individualized undue hardship determination with respect to Plaintiff is irrelevant to Defendant's treatment of union employees.

7

Consequently, any such introduction/reference at trial will result in testimony pertaining to Defendant's negotiations with the union with respect to the vaccine policy and its legal obligations regarding same, which would not only waste time and judicial resources, but would mislead the jury and confuse the issues. (ECF No. 34, PageID.1613-1614, n 4-5; ECF No. 41, PageID.2368; ECF No. 45, PageID.2446-2447, 2480.) Moreover, Plaintiff's counsel has made misleading statements throughout this case that union employees were "granted exemptions" from the vaccine policy, despite that the vaccine policy never applied to them. Plaintiff and/or his counsel will undoubtedly make similar statements at trial, which will only further mislead the jury and confuse the issues. Accordingly, any relevance this evidence may have is substantially outweighed by risk of unfair prejudice to Defendant and should be excluded under Fed. R. Evid. 403. Therefore, Plaintiff should not be allowed to introduce any such evidence or otherwise make references thereto at trial.

    **C.    Evidence Regarding One Granted Medical Accommodation Is Irrelevant; And Any Probative Value Is Substantially Outweighed By The Danger Of Unfair Prejudice, Confusion Of The Issues, Misleading The Jury, Undue Delay, And Waste Of Judicial Resources.**

Pursuant to Fed. R. Evid. 402, Plaintiff should also be precluded from discussing during jury selection or opening statements, or otherwise introducing

8

testimony or other evidence at trial pertaining to the sole medical accommodation Defendant granted to a post-offer Dealer Trainee applicant ("Dealer Trainee").

As established above, how Defendant treated others is irrelevant to the ultimate issues in this case, including any evidence regarding the Dealer Trainee's medical accommodation, which was granted months after Plaintiff was discharged under drastically different circumstances. Plaintiff and the Dealer Trainee sought different accommodations, religious vs. medical. This is a critical distinction because, as the Court stated, "medical exemption requests and religious exemption requests are on their face fundamentally different." (ECF No. 45, PageID.2475-2476) (citing *Savel v. Metrohealth Sys.*, No. 1:22-cv-02154, at *13 (N.D. Ohio Oct. 25, 2024)). Indeed, when the Dealer Trainee's request was considered, Defendant analyzed medical accommodation requests under the ADA's "significant difficulty or expense" standard, whereas religious accommodation requests under the previous "*de minimis*" standard. (*Id.*) (citing ECF No. 41, PageID.2370; *Speer v. UCOR LLC¸* No. 3:22-cv-426, at *13 (E.D. Tenn. Oct. 1, 2024); *Groff v. DeJoy*, 600 U.S. 447, 471 (2023).) Nonetheless, even under *Groff*'s religious accommodation undue hardship standard, "[t]he ADA and Title VII…continue to have different accommodation standards." *Speer*, 2024 WL 4370773, at *13; *Groff*, 600 U.S. at 471. Thus, the Dealer Trainee's medical accommodation is

9

irrelevant to Defendant's decision on Plaintiff's religious accommodation request because they were evaluated under different legal standards and requirements.

Moreover, any evidence relating to the Dealer Trainee's granted medical request is also irrelevant because they had drastically different duties and responsibilities, worked in different areas of the property, and were evaluated during different periods of time. *See Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126, 135 (1st Cir. 2004) (courts examine specific hardships imposed by specific accommodation proposals). Specifically, Plaintiff was the Warehouse Manager and a 20-year employee who played a critical role in operating one of Defendant's most vital departments, whereas the Dealer Trainee had drastically different duties in a different area of the property altogether. (ECF No. 34-4, PageID.1687; ECF No. 33-17, PageID.1411; ECF No. 33-6, PageID.1287). Additionally, Plaintiff was completely unvaccinated, whereas the Dealer Trainee was partially unvaccinated and provided Defendant proof that he developed Bell's Palsy after the first dose. (ECF No. 33-18, PageID.1441.) Accordingly, Defendant's individualized determination that accommodating Plaintiff posed an undue hardship is irrelevant to the fact that Defendant granted the Dealer Trainee a medical accommodation months after Plaintiff's discharge, and thus, such evidence should be excluded under Fed. R. Evid. 402.

Even assuming, *arguendo*, such evidence was relevant, it should nonetheless be excluded under Fed. R. Civ. 403 because any probative value is substantially outweighed by the danger of unfair prejudice. Like evidence relating to union employees described above, such evidence would be highly prejudicial to Defendant because it would confuse the issues, mislead the jury, and result in a waste of time and judicial resources. Accordingly, any relevance this evidence may have is substantially outweighed by risk of unfair prejudice to Defendant and should be excluded under Fed. R. Evid. 403.

> **D. Evidence Regarding Plaintiff's Daughter's Alleged Medical Condition Is Irrelevant; And Any Probative Value Is Substantially Outweighed By The Danger Of Unfair Prejudice, Confusion Of The Issues, Misleading The Jury, Undue Delay, And Waste Of Judicial Resources.**

Defendant also anticipates that Plaintiff may attempt to discuss or introduce evidence of his daughter's medical condition, which he testified is alopecia, and which he believes was caused by an adverse reaction to the Tdap (Tetanus, Diphtheria, Pertussis) vaccine. (ECF No. 34-3, PageID.1661-1663.) Indeed, Plaintiff's proposed Joint Final Pretrial Order includes exhibits including photos of his daughter, identifies his daughter as a witness, and Plaintiff testified to this at his deposition. Any such evidence or statements related to Plaintiff's daughter's medical condition, including Plaintiff's admittedly unsupported lay opinion that it was caused by an adverse reaction to the Tdap vaccine, should be excluded

11

pursuant to Fed. R. Evid. 402 and Fed. R. Evid. 403 because it is wholly irrelevant to Plaintiff's claim in this case, and the probative value of such evidence is nonexistent. Tellingly, Plaintiff admits that no doctor or medical provider has told him that his daughter's condition was caused by any vaccine. (ECF No. 34-3, PageID.1661-1662.) The introduction of evidence or statements related to the medical condition and Plaintiff's belief that it was caused by a vaccine does nothing to prove Plaintiff's ultimate burden and should be excluded.

Instead, introducing or referring to such evidence would be unfairly prejudicial to Defendant as it would serve nothing more than to inflame the jury to garner sympathy and distract from the issues in this case. Even if this evidence or testimony was somehow relevant to Plaintiff's sole claim for trial, it should still be excluded under Fed. R. Civ. P. 403 because any marginal relevance this supposed evidence may carry is substantially outweighed by the risk of unfair prejudice to Defendant, the danger of confusing the issues, misleading, and inflaming the jury, and wasting judicial resources. *Sutkiewicz*, 110 F.3d at 360 ("Otherwise relevant evidence may be permissibly excluded if it serves to inflame the passions of the jury.") (internal citations omitted). Accordingly, Plaintiff should be barred from introducing any evidence and/or testimony, or making any statements relating to his daughter's medical condition, including his admittedly unfounded opinion that it was caused by an adverse reaction to a vaccine.

12

## III.  CONCLUSION

Based on the foregoing, Defendant MGM Grand Casino respectfully requests that this Court grant its Motion *In Limine* in its entirety.

Respectfully submitted,
JACKSON LEWIS P.C.

/s/ Allan S. Rubin
Allan S. Rubin (P44420)
Elyse K. Culberson (P82132)
Attorneys for Defendant
2000 Town Center, Suite 1650
Southfield, MI  48075
(248) 936-1900
allan.rubin@jacksonlewis.com
elyse.culberson@jacksonlewis.com

Dated: November 27, 2024

## CERTIFICATE OF SERVICE

On this day November 27, 2024, the undersigned did cause to be filed the foregoing document with the Court using the CM/ECF system, which will send notice of its filing to all counsel of record.

*/s/Allan S. Rubin*
Allan S. Rubin

4861-1354-2655, v. 3