## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HRATCH YEREMIAN,

        Plaintiff,

v.

MGM GRAND CASINO,

        Defendant.

Case No. 2:22-cv-12978

Hon. Gershwin A. Drain
Mag. Judge David R. Grand

| | |
|---|---|
| HURWITZ LAW PLLC | JACKSON LEWIS P.C. |
| Noah S. Hurwitz (P74063) | Allan S. Rubin (P44420) |
| Brendan J. Childress (P85638) | Elyse K. Culberson (P82132) |
| Attorneys for Plaintiff | Benjamin D. Wu (P85635) |
| 340 Beakes St., Suite 125 | Attorneys for Defendant |
| Ann Arbor, MI 48104 | 2000 Town Center, Suite 1650 |
| (844) 487-9489 | Southfield, MI 48075 |
| noah@hurwitzlaw.com | (248) 936-1900 |
| brendan@hurwitzlaw.com | allan.rubin@jacksonlewis.com |
| | elyse.culberson@jacksonlewis.com |
| MARKO LAW, PLLC | benjamin.wu@jacksonlewis.com |
| Jonathan R. Marko (P72450) | |
| Michael L. Jones (P85223) | |
| Attorneys for Plaintiff | |
| 220 W. Congress, Fourth Floor | |
| Detroit, MI 48226 | |
| (313) 777-7526 | |
| jon@markolaw.com | |
| michael@markolaw.com | |

## JOINT FINAL PRETRIAL ORDER

Plaintiff, Hratch Yeremian, by and through his attorneys, Hurwitz Law PLLC and Marko Law, PLLC, and Defendant, MGM Grand Casino, by and through its attorneys, Jackson Lewis P.C., hereby jointly submit the following Amended Joint Final Pretrial Order ("Amended JFPTO").  Counsel for the parties met via virtual conference on December 23, 2024, to discuss the contents of the Amended Joint Final Pretrial Order.

**(1)  JURISDICTION**

The jurisdiction of this court is invoked pursuant to Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000e], and 42 U.S.C. §1331.  Neither party contests jurisdiction.

**(2)  PLAINTIFF'S CLAIMS**

Mr. Yeremian worked for MGM casino for 22 years and consistently earned glowing reviews from his peers.  In the face of the COVID-19 pandemic, Defendant designated Plaintiff as an essential employee.  On August 16, 2021, Defendant announced its COVID-19 vaccine policy for all salaried employees and new hires. Defendant's COVID-19 vaccine mandate did not apply to union employees hired before the implementation of Defendant's policy and union employees constitute roughly 80% of Defendant's workforce.  In accordance with Mr. Yeremian's sincerely held religious beliefs, he submitted a religious accommodation request to

2

be exempt from Defendant's COVID-19 vaccine mandate. Guided by prayer, Plaintiff Yeremian explained to Defendant that he held a "sincere religious belief" and that he opposed "as a matter of religious conviction to be inoculated with the vaccine against [his] will." Defendant ultimately denied Mr. Yeremian's religious accommodation request and terminated him on the basis that accommodating Mr. Yeremian would have burdened Defendant with an undue hardship. Mr. Yeremian alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII). Specifically, Mr. Yeremian is proceeding to trial on a failure to accommodate claim.

**(3)    DEFENDANT'S DEFENSES[1]**

Defendant MGM Grand Detroit ("Defendant") employed Plaintiff Hratch Yeremian ("Plaintiff") as its Warehouse Manager until October 16, 2021, when his employment was terminated for failing to comply with Defendant's COVID-19 vaccine policy. His employment was terminated after Defendant, after conducting an individualized assessment of Plaintiff's job duties, requested accommodation, and several economic and non-economic costs, reasonably determined that allowing Plaintiff to remain unvaccinated during the pandemic would impose an undue hardship on Defendant. In doing so, it relied on EEOC and other legal guidance in

---

[1] This brief statement of the case is not intended to be a substitute for Defendant's Statement of Defenses.

3

effect at the time. *See* 42 USC 2000e-12(b). Plaintiff's sole remaining claim for trial is Plaintiff's religious failure to accommodate brought under Title VII of the Civil Rights Act.

**(4)   STIPULATION OF FACTS**

1.   Plaintiff was employed by Defendant.

2.   On August 16, 2021, Defendant announced its COVID-19 vaccine policy for all salaried employees and new hires.

3.   Plaintiff held the position of Warehouse Manager, where he was responsible for managing Defendant's Warehouse along with accounts payable, inventory control, and purchasing.

4.   Mr. Yeremian submitted his initial religious accommodation request on September 16, 2021.  Defendant then requested additional information. In response, Mr. Yeremian submitted his "COVID-19 Religious Accommodation Request Form" adding additional information.

5.   On September 24, 2021, Defendant denied Plaintiff's religious accommodation request.

6.   Defendant denied Mr. Yeremian's religious accommodation request based on undue hardship.

7.   Plaintiff's employment was separated effective October 16, 2021.

8.   Plaintiff has been continuously employed by Greektown Casino since March 2022.

9.   As a new hire, Plaintiff's yearly salary at Greektown Casino was $89,999.94.

10.  Effective October 10, 2022, Plaintiff received a salary adjustment such that his yearly salary was $93,000.00.

11.     Effective March 27, 2023, Plaintiff received a merit increase such that his yearly salary was $95,790.03.

12.     Effective March 25, 2024, Plaintiff received a merit increase such that his yearly salary was $98,663.76.

13.     Effective October 7, 2024, Plaintiff received a promotion such that his yearly salary was $120,000.00.

14.     In addition to his base salary, Plaintiff is also eligible to participate in Greektown's Incentive Bonus plan, which as of March 10, 2022, was targeted at 10% of Plaintiff's annual salary.

15.     As part of his total compensation at Greektown Casino, Plaintiff is also eligible for a 401(k) plan, 160 hours per year of paid flex time off, and health benefits.

16.     Beginning in March 2022, when Plaintiff began his employment at Greektown Casino, he has been eligible for substantially the same or similar benefits as he received from MGM Grand.

**(5)     ISSUES OF FACT TO BE LITIGATED.**

(A)     PLAINTIFF.

1.     Whether accommodating Plaintiff would have caused Defendant undue hardship.

2.     The amount of economic damages.

3.     The amount of non-economic damages.

4.     The amount of punitive damages.

(B)     DEFENDANT.

1.     Whether Plaintiff has a sincerely held religious belief that conflicts with Defendant's vaccine policy.

2.    Whether Plaintiff informed Defendant of the religious belief.

3.    Whether granting Plaintiff's request to remain unvaccinated posed an undue hardship on Defendant.

4.    Whether Defendant relied in good faith on the guidance from the EEOC and Supreme Court at the time.

5.    Whether Plaintiff can establish any damages attributable to Defendant as opposed to his own actions.

6.    Whether Plaintiff's claim for economic damages is barred after March of 2022 because Plaintiff voluntarily resigned from subsequent, comparable employment in or around March of 2022, and then started working at Greektown Casino where he earned more than he did with Defendant.

7.    Whether Plaintiff can establish any emotional distress or other damages.

**(6)    ISSUES OF LAW TO BE LITIGATED.**

(A)    PLAINTIFF.

1.    Whether Defendant can demonstrate that accommodating Plaintiff would have burdened Defendant with an undue hardship which is shown only "when a burden is ***substantial in the overall context of an employer's business.***" *Groff v. Dejoy*, 600 U.S. at 468 ("courts should resolve whether a hardship would be ***substantial*** in the context of an employer's business in the commonsense manner that it would use in applying any such test."). Defendant will attempt to demonstrate undue hardship even though its COVID-19 vaccine mandate did not apply to 80% of its workforce and it accommodated at least one other individual from its COVID-19 vaccine mandate.

(B)    DEFENDANT.

1.    Whether Plaintiff can prove by a preponderance of the evidence that he had a sincere religious belief that conflicted with Defendant's vaccine policy.

2.    Whether Plaintiff can prove by a preponderance of the evidence that he told Defendant about his religious belief.

3.    Whether accommodating Plaintiff would have posed an undue hardship on Defendant.

4.    Whether MGM Grand relied upon EEOC guidance or other legal authority in making its determination about undue hardship. 42 USC 2000e-12(b)

5.    If liability is found, whether Plaintiff's economic damages are barred and/or cut off after March of 2022, when Plaintiff voluntarily resigned from subsequent, comparable employment.

6.    If liability is found, whether Plaintiff's economic damages and front pay/future damages are barred and /or cut off after March of 2022, when Plaintiff accepted a comparable position at Greektown Casino, where he earns more than he did with Defendant.

7.    If liability is found, whether punitive damages should be barred because Defendant's decisions which relied upon the facts and circumstances at the time as well as guidance from the U.S. government and medical experts were not malicious or reckless.

8.    If liability is found, whether punitive and compensatory damages are capped at $300,000 under 42 U.S.C. § 1981a(b)(3).

**(7)    EVIDENCE PROBLEMS LIKELY TO ARISE AT TRIAL.**

Both sides have filed motions in limine which are currently pending before the Court.

**(8)   WITNESSES.**

(A)      PLAINTIFF.

WILL CALL

1.    Harry Yeremian – Lay witness; in-person testimony; estimated direct examination 2 hours.

2.    Rozell Blanks – Lay Witness; in-person testimony; estimated direct examination 2 hours.

3.    Dana Howell – Lay Witness; in-person testimony; estimated direct examination 2 hours.

MAY CALL

1.    Bryant Brown – Lay Witness; in-person testimony; estimated direct examination 2 hours. [Defendant objects to this witness to the extent Plaintiff seeks to elicit any testimony pertaining to the reasons set forth in Defendant's motions in limine regarding Brown.]

2.    Alik Yeremian – Lay Witness; in-person testimony; estimated direct examination 1 hour. [Defendant objects to this witness for the reasons set forth in Defendant's motions in limine.]

3.    Sarkis Steve Karjian – Lay Witness; in-person testimony; estimated direct examination 1 hour. [Defendant objects to this witness for the reasons set forth in Defendant's motions in limine.]

4.    Rosy Yeremian – Lay Witness; in-person testimony; estimated direct examination 1 hour. [Defendant objects to this witness for the reasons set forth in Defendant's motions in limine.]

5.    Cindi Testa – Lay Witness; in-person testimony; estimated direct examination 1 hour. [Defendant objects to this witness for the reasons set forth in Defendant's motions in limine.]

6.      Fred Testa – Lay Witness; in-person testimony; estimated direct examination 1 hour. [Defendant objects to this witness for the reasons set forth in Defendant's motions in limine.]

7.      Kelly Kichline – Lay Witness; in-person testimony; estimated direct examination 1.5 hours.

8.      Craig Mills – Lay Witness; in-person testimony; estimated direct examination 1.5 hours.

9.      Jennifer Berthiaume – Lay Witness; in-person testimony; estimated direct examination 1 hour.

10.     Mira Kattan – Lay Witness; in-person testimony; estimated direct examination 1 hour.

11.     David Tsai – Lay Witness; in-person testimony; estimated direct examination 1 hour. [Defendant objects to this witness pursuant to the Apex Doctrine, as unduly burdensome and disproportionate to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1) and (c)(1), and as lacking personal knowledge subject to Fed. R. Evid. 602).]

12.     Bill Hornbuckle – Lay Witness; in-person testimony; estimated direct examination 1 hour. [Defendant objects to this witness pursuant to the Apex Doctrine, as unduly burdensome and disproportionate to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1) and (c)(1), and as lacking personal knowledge subject to Fed. R. Evid. 602).]

13.     John McManus – Lay Witness; in-person testimony; estimated direct examination 1 hour. [Defendant objects to this witness pursuant to the Apex Doctrine, as unduly burdensome and disproportionate to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1) and (c)(1), as lacking personal knowledge subject to Fed. R. Evid. 602), and on the grounds that his testimony is protected by attorney-client privilege.]

14.    Rebuttal and impeachment witnesses as necessary.  [Defendant may object to these witnesses once named for the reasons set forth in Defendant's Motion in Limine or based on the Federal Rules of Evidence]

(B)    DEFENDANT

WILL CALL

1.    Plaintiff Hratch Yeremian, c/o counsel for Plaintiff. Estimated examination 2-4 hours.

2.    Dana Howell, c/o counsel for Defendant. Estimated examination 2-4 hours.

3.    Rozell Blanks, c/o counsel for Defendant. Estimated examination 1-3 hours.

4.    Craig Mills, c/o counsel for Defendant. Estimated examination 1-3 hours.

MAY CALL

1.    Bryant Brown, c/o counsel for Plaintiff. Estimated examination 2-4 hours.

2.    Representatives and/or Custodians of Records from the Equal Employment Opportunity Commission ("EEOC"), 477 Michigan Ave., Room 865, Detroit, MI 48226. Estimated testimony 1 hour.  [Plaintiff may object to these witnesses once named for the reasons set forth in Plaintiff's Omnibus Motion in Limine].

3.    Representatives of and/or Custodians of Records for Plaintiff's current, past, and prospective employers or contractor agencies, including but not limited to Greektown Casino, LLC, 595 Lafayette Street, Detroit, MI 48226. Estimated testimony 1 hour. [Plaintiff may object to these witnesses once named for the

reasons set forth in Plaintiff's Omnibus Motion in Limine].

4.      Representatives of and/or Custodians of Records for Plaintiff's current and past treating physicians and medical providers, including but not limited to: Craig Gill, D.C., R.E. Tent, and Diverse Health Services, PLLC, 24230 Karim Blvd., Suite 130, Novi, MI 48375. Estimated testimony 1-3 hours.  [Plaintiff may object to these witnesses once named for the reasons set forth in Plaintiff's Omnibus Motion in Limine].

5.      All persons, not objected to by Defendant, identified in all pleadings, interrogatory answers, and depositions.  [Plaintiff may object to these witnesses once named for the reasons set forth in Plaintiff's Omnibus Motion in Limine].

6.      All persons, not objected to by Defendant, identified in documents produced or subpoenaed during discovery.  [Plaintiff may object to these witnesses once named for the reasons set forth in Plaintiff's Omnibus Motion in Limine].

7.      All persons listed by Plaintiff and not objected to by Defendant, whether called or not.  [Plaintiff may object to these witnesses once named for the reasons set forth in Plaintiff's Omnibus Motion in Limine].

8.      Any witnesses needed for impeachment or rebuttal, including lay and expert witnesses, as necessary.

**(9)    EXHIBITS.**

(A)     PLAINTIFF.

| Exhibit No. | Description | Bates Label | Date Produced | Objected to? | Received |
|---|---|---|---|---|---|
| 1 | Notes from Call Between Kelly Kichline and Craig Mills | MGM (Brown – Yeremian) 000124 | December 22, 2023 | FRE 1004, FRE 802 | |

| | | | | | |
|---|---|---|---|---|---|
| 2 | Letter from Bill Hornbuckle Regarding COVID-19 Vaccine Mandate | MGM (Brown – Yeremian) 000131 | December 22, 2023 | | |
| 3 | MGM Mandatory COVID-19 Vaccination Policy for Salaried Employees and New Hires | MGM (Brown – Yeremian) 000133 – MGM (Brown – Yeremian) 000135 | December 22, 2023 | | |
| 4 | Yeremian Request for Religious Workplace Accommodation | MGM (Brown – Yeremian) 000137 – MGM (Brown – Yeremian) 000143 | December 22, 2023 | | |
| 5 | Request for Additional Information | MGM (Brown – Yeremian) 000145 – MGM (Brown- Yeremian) 000148 | December 22, 2023 | | |
| 6 | Yeremian Response to Request for Additional Information | MGM (Brown – Yeremian) 000150 – MGM (Brown – Yeremian) 000154) | December 22, 2023 | | |

| | | | | | |
|---|---|---|---|---|---|
| 7 | Religious Accommodation Request Denial Letter | MGM (Brown – Yeremian) 000156 – MGM (Brown – Yeremian) 000158) | December 22, 2023 | | |
| 8 | Email Chain Requesting Reconsideration and Denial of Request for Reconsideration | MGM (Brown – Yeremian) 000160 – MGM (Brown – Yeremian) 000161 | December 22, 2023 | | |
| 9 | Email Chain Expressing Concern about Accommodation Process and Response | MGM (Brown – Yeremian) 000163 – MGM (Brown – Yeremian) 000164 | December 22, 2023 | | |

| 10 | Email Chain Again Requesting Concern about Accommodation Process and Response | MGM (Brown – Yeremian) 000166 – MGM (Brown – Yeremian) 000167 | December 22, 2023 | | |
| 11 | Yeremian Performance Reviews/Positive Comments | MGM (Brown – Yeremian) 000168 – MGM (Brown – Yeremian) 000182) | December 22, 2023 | Objection based on relevancy and hearsay under FRE 402, 403, 802. | |
| 12 | Email from Dana Howell Informing MGM of Denial | MGM (Brown – Yeremian) 000300 | December 22, 2023 | | |
| 13 | Yeremian Vaccination Status | MGM (Brown – Yeremian) 000313 - MGM (Brown – Yeremian) 000315 | June 21, 2024 | Objection to the description of this exhibit as inaccurate. | |
| 14 | MGM Conduct Policy | MGM (Brown – Yeremian) 000316 - MGM (Brown – Yeremian) 000321 | June 21, 2024 | | |

| 15 | Correspondence Between Dana Howell and Kelly Kichline | MGM (Brown – Yeremian) 000341 - MGM (Brown – Yeremian) 000347 | June 21, 2024 | FRE 402, 403, 602, 802. | |
|----|----|----|----|----|----|
| 16 | Correspondence between Craig Mills and Dana Howell | MGM (Brown – Yeremian) 000348 - MGM (Brown – Yeremian) 000348 | June 21, 2024 | | |
| 17 | Correspondence Between Yeremian and Dana Howell | MGM (Brown – Yeremian) 000349 – 000351 | June 21, 2024 | | |
| 18 | Correspondence Between Dana Howell and Rozell Blanks | MGM (Brown – Yeremian) 000354 - MGM (Brown – Yeremian) 000355 | June 21, 2024 | | |
| 19 | Correspondence Between Yeremian, Dana Howell, and Rozell Blanks | MGM (Brown – Yeremian) 000356 - MGM (Brown – Yeremian) 000357 | June 21, 2024 | | |

| 20 | Correspondence Between Dana Howell and Rozell Blanks | MGM (Brown – Yeremian) 000360 | June 21, 2024 | | |
| 21 | Email Correspondence Between Yeremian, Stephanie Streuber and Dana Howell | MGM (Brown – Yeremian) 000361 - MGM (Brown – Yeremian) 000363 | June 21, 2024 | | |
| 22 | Email Correspondence Regarding Non-Compliance with COVID-19 Vaccine Mandate | MGM (Brown – Yeremian) 000366- MGM (Brown – Yeremian) 000374 | June 21, 2024 | | |
| 23 | Defendant's Privilege Log | | June 21, 2024 | FRE 402, FRE 403 | |
| 24 | Vaccination Verification Schedule | MGM (Brown – Yeremian) 000375 | July 15, 2024 | | |
| 25 | Vaccination Guide | MGM (Brown – Yeremian) 000376 - MGM (Brown – Yeremian) 000379 | July 15, 2024 | | |

| 26 | COVID Vaccine Deadline Reminder | MGM (Brown – Yeremian) 000381 - MGM (Brown – Yeremian) 000383 | July 15, 2024 | | |
| 27 | Updated Mandatory Vaccination Policy and Leader Talking Points | MGM (Brown – Yeremian) 000384 | July 15, 2024 | | |
| 28 | Mandatory COVID-19 Vaccination Policy Updated on September 10, 2021 | MGM (Brown – Yeremian) 000385 - MGM (Brown – Yeremian) 000388 | July 15, 2024 | | |
| 29 | Documents Reflecting Granted Accommodation and Accommodation Request | MGM (Brown – Yeremian) 000397- 000401 | July 25, 2024 | FRE 402, FRE 403. *See also* Defendant's motion in limine. | |
| 30 | Yeremian Personal Note Regarding Call with Mira Kattan | HY 001 | November 20, 2023 | | |
| 31 | Letter to Yeremian Regarding Vaccination Status | HY 002 – HY 0003 | November 20, 2023 | | |
| 32 | Yeremian Essential Employee Designation | HY 014 | November 20, 2023 | | |

| 33 | Yeremian Thank You Letter from David Tsai | HY 015 | November 20, 2023 | | |
| 34 | Letter from David Tsai regarding Governor Whitmer Order. | HY 016 | November 20, 2023 | | |
| 35 | Yeremian Job Search Documents | HY 046 – HY 061 | November 20, 2023 | *See* Defendant's motion in limine. | |
| 36 | Letter Describing Yeremian's access to premises during Pandemic | HY 064 | November 20, 2023 | | |
| 37 | Important Information on COVID-19 Vaccination | HY 069 – HY 071 | November 20, 2023 | | |
| 38 | Yeremian Termination Letter | HY 073 | November 20, 2023 | | |
| 39 | Yeremian Separation Note | HY 074 | November 20, 2023 | | |
| 40 | Yeremian 2021 W-2 and Earnings Summary and 2021 Tax Return | HY0075 – HY0095 | April 17, 2024 | | |
| 41 | Yeremian 2022 W-2 and Earnings Summary and Tax Return | HY0096 – HY0121 | April 17, 2024 | | |
| 42 | Yeremian 2023 State and Local income Tax Refund Worksheet | HY0122 – HY0125 | April 17, 2024 | | |
| 43 | Yeremian 2023 Michigan Schedule 1 Addition and Subtractions | HY0126 – HY0127 | April 17, 2024 | | |

| 44 | 2023 Michigan Withholding Tax Schedule | HY0128 | April 17, 2024 | | |
| 45 | 2023 City of Detroit Nonresident Income Tax Return | HY0129-HY0131 | April 17, 2024 | | |
| 46 | 2023 City of Detroit Withholding Tax Schedule | HY0132 – HY0133 | April 17, 2024 | | |
| 47 | Picture of Alik Yeremian | HY0134 | July 17, 2024 | FRE 402, FRE 403. *See also* Defendant's motion in limine. | |
| 48 | EEOC Charge | MGM (Brown – Yeremian) 000115 – MGM (Brown – Yeremian) 000116) | December 22, 2023 | FRE 402, FRE 403, FRE 802 | |
| 49 | EEOC Right to Sue Letter | | Produced by EEOC on September 14, 2022 | FRE 402, FRE 403, FRE 802 | |
| 50 | Guidance from the U.S. Equal Employment Opportunity Commission (EEOC) | Public Record | | | |
| 51 | Yeremian Flagstar Bank Statement 02/06/2022 | HY0144-0147 | November 25, 2024 | FRE 402, 403. *See also* motion in limine. | |

| 52 | Yeremian Citizens Account Statement 02/23/2022 – 03/31/2011 | HY0148 – HY0151 | November 25, 2024 | FRE 402, 403. *See* motion in limine. | |
| 53 | Yeremian Citizens Bank Statement 10/23/2021 – 11/22/2021 | HY0157 – HY0162 | November 25, 2024 | FRE 402, 403. *See* motion in limine. | |
| 54 | Yeremian Citizens Bank Statement 10/23/2021 – 11/22/2021 | HY0157 – HY0162 | November 25, 2024 | FRE 402, 403. *See* motion in limine. | |
| 55 | Yeremian Citizens Bank Statement 04/22/2022 – 05/20/2022 | HY0163 – HY 0166 | November 25, 2024 | FRE 402, 403. *See* motion in limine. | |
| 56 | Yeremian 2024 Pay Details as of November 17, 2024 | HY0167 | November 25, 2024 | | |
| 57 | Photos | HY0168 – HY0175 | November 25, 2024 | FRE 402, 403. *See* motion in limine. | |
| 58 | MGM Resorts International 2023 Annual Report | Public Record | | FRE 402, FRE 403, FRE 802, FRE 901, lack of foundation. | |
| 59 | The Detroit News Article "Detroit Casinos bring in $110.4 Million in Revenue for September | Public Record | | FRE 402, FRE 403, FRE 802, FRE 901, lack of foundation. | |

| 60 | United States Securities and Exchange Commission Form 10-K: Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the transition period from Commission File NO. 001-10362: MGM Resorts International | Public Record | | FRE 402, FRE 403, FRE 802, FRE 901, lack of foundation. | |
|---|---|---|---|---|---|
| 61 | MGM Resorts International Press Release Details: MGM Resorts International Reports Record Fourth Quarter and Full Year 2023 Results (February 13, 2024) | Public Record | | FRE 402, FRE 403, FRE 802, FRE 901, lack of foundation. | |
| 62 | Defendant's Second Amended Responses to Plaintiffs' First Set of Requests for Admissions to Defendant | | July 25, 2024 | FRE 1004, FRE 802 unless used solely for impeachment under FRE 607. | |

| 63 | Defendant's Second Supplemental Responses to Plaintiffs' First Requests for Production of Documents to Defendant | | July 25, 2024 | FRE 1004, FRE 802 unless used solely for impeachment under FRE 607. | |
| 64 | Defendant's Supplemental Answers to Plaintiffs' First Set of Interrogatories to Defendant | | June 21, 2024 | FRE 1004, FRE 802 unless used solely for impeachment under FRE 607. | |

(B)   DEFENDANT.

Defendant expects that it will or may offer the following documents[2] at any

trial of this matter:

**Will Offer**

| Exhibit No. | Description | Bates Label | Objected to? | Received |
|---|---|---|---|---|
| A | 8/16/21 Vaccine Policy Announcement | MGM (Brown-Yeremian) 000131 | | |
| B | Mandatory COVID-19 Vaccination Policy for Salaried Employees and New Hires | MGM (Brown-Yeremian) 000133-135 | | |

---

[2] Where an exhibit has been listed by both Plaintiff and Defendant, Defendant will rely on the first admitted exhibit and will reintroduce the exhibit, unless necessary for a proper understanding of the of the exhibit.

| Exhibit No. | Description | Bates Label | Objected to? | Received |
|---|---|---|---|---|
| C | Letter to Plaintiff | HY 002-003 | | |
| D | 9/16/21 Request for Religious Workplace Accommodation | MGM (Brown-Yeremian) 000137-143 | | |
| E | 9/23/21 COVID-19 Religious Accommodation Request Form | MGM (Brown-Yeremian) 000150-154 | | |
| F | 9/24/21 Letter to Plaintiff re: Religious Accommodation Request for COVID-19 Vaccine | MGM (Brown-Yeremian) 000156-158 | | |
| G | 10/18/21 Letter to Plaintiff | HY 073-74 | | |
| H | 2020-EO-09 | ECF No. 34-6 | Yes, *see* FRE 402, FRE 403, FRE 801, FRE 802, FRE 901.***See also* ECF No. 54.** | |
| I | 2020-EO-160 | ECF No. 34-8 | Yes, *see* FRE 402, FRE 403, FRE 801, FRE 802, FRE 901. ***See also* ECF No. 54.** | |

| Exhibit No. | Description | Bates Label | Objected to? | Received |
|---|---|---|---|---|
| J | 2020-EO-161 | ECF No. 34-9 | Yes, *see* FRE 402, FRE 403, FRE 801, FRE 802, FRE 901. ***See also* ECF No. 54.** | |
| K | CDC COVID-19 vaccination guidance | Public Record | Yes, *see* FRE 402, FRE 403, FRE 801, FRE 802, FRE 901. ***See also* ECF No. 54.** | |
| L | OSHA ETS summary | COVID-19 Vaccination and Testing ETS (osha.gov) | Yes, *see* FRE 402, FRE 403, FRE 801, FRE 802, FRE 901. ***See also* ECF No. 54.** | |
| M | EEOC Regulations on undue hardship | 29 C.F.R. § 1605.2(e) | Yes, *see* FRE 402, FRE 403, FRE 801, FRE 802, FRE 901. ***See also* ECF No. 54.** | |
| N | EEOC Guidance on undue hardship | Public Record, available at: https://www.eeoc. gov/laws/guidanc e/section-12- religious- discrimination#h _1292940343695 1610749878556 | Yes, *see* FRE 402, FRE 403, FRE 801, FRE 802, FRE 901. ***See also* ECF No. 54.** | |

| Exhibit No. | Description | Bates Label | Objected to? | Received |
|---|---|---|---|---|
| O | President Biden Statement | Public Record, available at: https://www.whitehouse.gov/briefing-room/speeches-remarks/2021/09/09/remarks-by-president-biden-on-fighting-the-covid-19-pandemic-3/ | Yes, *see* FRE 402, FRE 403, FRE 801, FRE 802, FRE 901. ***See also* ECF No. 54.** | |
| P | Michigan Gaming Control Board Minimum Guidelines for Detroit Commercial Casinos to Reopen | Public Record, available at: Michigan Gaming Control Board approves minimum reopening guidelines for Detroit casinos | Yes, *see* FRE 402, FRE 403, FRE 801, FRE 802, FRE 901. ***See also* ECF No. 54.** | |
| Q | Summary, COVID-19 Vaccination and Testing ETS issued by OSHA | COVID-19 Vaccination and Testing ETS (osha.gov) | | |
| R | EEOC: "What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws" | Public Record, available at: https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws | | |

| Exhibit No. | Description | Bates Label | Objected to? | Received |
|---|---|---|---|---|
| | | | | |
| S | FDA Biologics License Application Approval of Pfizer Vaccine | Public Record, available at: https://www.fda.gov/media/151710/download | | |
| T | FDA Emergency Use Authorization Approval of Moderna Vaccine | Public Record, available at: https://nihb.org/covid-19/wp-content/uploads/2020/12/Moderna-COVID-19-Vaccine-EUA-Letter-of-Authorization.pdf | | |
| U | Medical Letter, "FDA Authorizes Johnson & Johnson COVID-19 Vaccine, March 22, 2021) | Public Record, available at: https://secure.medicalletter.org/TML-article-1620a | | |
| V | Michigan Department of Health and Human Services COVID-19 Vaccination Interim Prioritization Guidance, updated February 15, 2021 | Public Record, available at: https://www.michigan.gov/-/media/Project/Websites/coronavirus/Folder11/MI_COVID-19_Vaccination_Prioritization_Guidance.pdf?rev=452417ba6fa74ee49d0adba3604ba0e3 | | |

| Exhibit No. | Description | Bates Label | Objected to? | Received |
|---|---|---|---|---|
| W | CDC Guidance, "Interim Public Health recommendations for Fully Vaccinated People", updated April 29, 2021 | Public Record, available at: https://stacks.cdc.gov/view/cdc/105629 | | |
| X | Plaintiff's 2021 W-2 from Defendant | HY 0075 | | |
| Y | Plaintiff's 2021 1040 U.S. Individual Income Tax Return | HY 0076-0095 | | |
| Z | Plaintiff's 2022 W-2 from Greektown Casino L.L.C. | HY 0096 | | |
| AA | Plaintiff's 2022 U.S. Individual Income Tax Return | HY 0097-104 | | |
| BB | Plaintiff's 2022 Michigan Individual Income Tax Return | HY 0104-0111 | | |
| CC | Plaintiff's 2023 W-2 from Greektown Casino, LLC | HY 0112 | | |
| DD | Plaintiff's 2023 U.S. Individual Income Tax Return | HY 0113-0122 | | |
| EE | Plaintiff's 2023 Michigan Individual Income Tax Return | HY 0123-0133 | | |

| Exhibit No. | Description | Bates Label | Objected to? | Received |
|---|---|---|---|---|
| FF | Plaintiff's 2024 pay records from Greektown Casino, LLC | Forthcoming from Plaintiff and trial subpoena. | | |
| GG | Greektown Casino, LLC subpoena response dated February 29, 2024 | MGM (Brown-Yeremian)000450-000510 | | |
| HH | Greektown Casino, LLC response to trial subpoena | Forthcoming | | |
| II | Plaintiff's Pay Records from Defendant | MGM (Brown-Yeremian)000511-000590 | | |

**May Offer**

| Exhibit No. | Description | Bates Label | Objected to? | Received |
|---|---|---|---|---|
| JJ | Plaintiff's November 20, 2023 Responses to Defendant's First Set of Discovery Requests | | | |
| KK | Plaintiff's July 17, 2024 Supplemental Interrogatory Responses | | | |
| LL | 3/24/20 Letter to Plaintiff re: Essential Employee Designation | HY 014 | | |

| Exhibit No. | Description | Bates Label | Objected to? | Received |
|---|---|---|---|---|
| MM | 11/17/20 Letter to MGM Grand Detroit Team Members from David Tsai | HY 016 | | |
| NN | Important Information on COVID-19 Vaccination | HY 069-071 | | |
| OO | Plaintiff's 2021 W-2 from Defendant | HY 0075 | | |
| PP | Diverse Health Services subpoena response dated 1/22/24 | MGM (Brown-Yeremian)000402-000440 | | |
| QQ | Diverse Health Services subpoena response dated 7/29/24 | MGM (Brown-Yeremian)000441-000444 | | |
| RR | K. Kichline notes from 9/20/21 phone call with C. Mills | MGM (Brown-Yeremian) 000124 | | |
| SS | 9/25/21 email from D. Howell to Plaintiff titled "RE: Religious Accommodation Decision (Hratch Yeremian)" | MGM (Brown-Yeremian) 000160-161 | | |

| Exhibit No. | Description | Bates Label | Objected to? | Received |
|---|---|---|---|---|
| TT | 9/27/21 email from D. Howell to Plaintiff titled "Fwd: Religious accommodation exemption (Hratch Yeremian)" | MGM (Brown-Yeremian) 000163-164 | | |
| UU | 10/12/21 email from D. Howell to Plaintiff titled "FW: Covid 19 vaccine mandate" | MGM (Brown-Yeremian) 000166-167 | | |
| VV | 9/24/21 email from D. Howell to C. Mills titled "Hratch Yeremian Denial of COVID-19 Vaccine Policy Accommodation Request" | MGM (Brown-Yeremian) 000300 | | |
| WW | Rules of Conduct | MGM (Brown-Yeremian) 000316-321 | | |
| XX | 9/13/21 email from MGM Resorts The SHOWcase to Detroit – Supervisors+ titled "Updated Mandatory Vaccination Policy and Leader Talking Points – AS of 9/10/21" plus attachments | MGM (Brown-Yeremian) 000384-391 | | |

Defendant reserves the right to introduce additional exhibits as necessary for rebuttal and/or impeachment.

**(10)   DAMAGES.**

    (A)   PLAINTIFF.

        1.   Damages for loss in compensation and future earnings.

        2.   Non-economic damages, past and future, including damages for emotional distress, physical distress, mental anguish, physical anguish, loss of reputation, embarrassment, humiliation, and the physical effects associated with Defendant's conduct.

        3.   Punitive Damages.

        4.   Pre-judgment Interest.

        5.   Reasonable Attorney Fees.

    (B)   DEFENDANT.

Even if Plaintiff can establish liability at trial, Defendant objects to receipt of any economic damages after March of 2022 due to Plaintiff's voluntary resignation from subsequent, comparable employment and securing employment at Greektown Casino where he has made more than he did working for Defendant, which is the subject of a motion in limine filed by Defendant. Defendant further objects to any front pay, non-economic damages, exemplary and punitive damages, because there is no evidence to support any of these categories. Moreover, if Plaintiff can establish liability at trial, any compensatory and punitive damages are capped at $300,000 under 42 U.S.C. § 1981a(b)(3).

**(11)   TRIAL.**

    (A)   JURY OR NON-JURY

This is a jury trial.

31

(B)   ESTIMATED LENGTH OF TRIAL.

PLAINTIFF:  Plaintiff's proofs are estimated to take 3 days.

DEFENDANT:  Defendant's proofs are estimated to take 2 days.

**(12)   SETTLEMENT.**

The parties have conferred and considered the possibility of settlement but have been unable to reach a resolution.  The parties initially engaged in mediation with Magistrate Judge Mazjoub, ret., in March 2024.  The parties then engaged in a settlement conference with the Honorable Magistrate Judge Grand in July 2024 wherein Plaintiff Brown's case settled, but not Plaintiff Yeremian's. On November 25 and 26, 2024, the parties engaged in additional settlement discussions but were unable to resolve the case.

**(13)   FILING OF TRIAL BRIEFS, FINDINGS, AND INSTRUCTIONS.**

The Parties understand that Voir Dire questions, Joint Jury Instructions, and the Verdict Form are due on December 27, 2024.

Jointly Submitted:

*/s/ Noah S. Hurwitz*                          */s/Allan S. Rubin*
Noah S. Hurwitz                              Allan S. Rubin (P44420)
Attorney for Plaintiff                       Jackson Lewis P.C.
                                             Attorneys for Defendant

This has been adopted as the Final Pretrial Order of this Case by the Court on

January 3, 2025.

/s/ Gershwin A. Drain
Gershwin A. Drain
U.S. District Judge

4904-2002-6378, v. 2