# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HRATCH YEREMIAN,

       Plaintiff,                   Case No. 2:22-cv-12978

v.                                     Hon. Gershwin A. Drain
                                       Mag. Judge David R. Grand

MGM GRAND CASINO,

       Defendant.

---

| HURWITZ LAW PLLC | JACKSON LEWIS P.C. |
|---|---|
| Noah S. Hurwitz (P74063) | Allan S. Rubin (P44420) |
| Brendan J. Childress (P85638) | Elyse K. Culberson (P82132) |
| Attorneys for Plaintiff | Benjamin D. Wu (P85635) |
| 340 Beakes St., Suite 125 | Attorneys for Defendant |
| Ann Arbor, MI 48104 | 2000 Town Center, Suite 1650 |
| (844) 487-9489 | Southfield, MI 48075 |
| noah@hurwitzlaw.com | (248) 936-1900 |
| brendan@hurwitzlaw.com | allan.rubin@jacksonlewis.com |
| | elyse.culberson@jacksonlewis.com |
| MARKO LAW, PLLC | benjamin.wu@jacksonlewis.com |
| Jonathan R. Marko (P72450) | |
| Michael L. Jones (P85223) | |
| Attorneys for Plaintiff | |
| 220 W. Congress, Fourth Floor | |
| Detroit, MI 48226 | |
| (313) 777-7526 | |
| jon@markolaw.com | |
| michael@markolaw.com | |

## DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT ORDER REGARDING DEFENDANT'S GOOD FAITH DEFENSE PURSUANT TO 42 U.S.C. 2000E-12(B)

## I. INTRODUCTION

Pursuant to E.D. Mich. L.R. 7.1(h)(2)(a), Defendant MGM Grand Casino ("Defendant" or "MGM Grand") submits the following motion for reconsideration of the Court's January 15, 2025 order precluding Defendant's good faith defense pursuant to 42 U.S.C. § 2000e-12(b), including rejecting its corresponding jury instruction and proposed special interrogatory on the verdict form. Because the Court made a mistake in this ruling, correcting the mistake would change the outcome of the prior decision, and the mistake was based on the record and law before the Court at the time of its prior decision, Defendant respectfully requests that the Court grant its motion for reconsideration. Defendant further renews its request for admission of Defendant's proposed Exhibit M (EEOC Regulations on Religious Discrimination, 29 C.F.R. 1605).

## II. RELEVANT FACTUAL BACKGROUND

Throughout trial, Defendant has asserted the complete immunity provided for by 42 U.S.C. § 2000e-12(b), which expressly states that Defendant may not be held liable for actions taken in reliance on the EEOC's guidance.

At approximately 10:12 p.m. on January 13, 2025, Plaintiff filed a "Notice That Defendant Has No Good Faith Defense Under 42 U.S.C. § 2000e-12(b)" (ECF No. 79) ("Plaintiff's Notice"). In it, Plaintiff argued that Defendant could not avail itself of Title VII's statutory bar to immunity because the EEOC guidance at

issue (Plaintiff's Exhibit 50 and Defendant's Exhibit R) do not constitute "written interpretation or opinion" from the EEOC within the meaning of 42 U.S.C. § 2000e-12(b). Plaintiff further argued that 42 U.S.C. § 2000e-12(b) was contrary to the United States Supreme Court's holding in *Groff v. DeJoy*, 600 U.S. 447 (2023).

When the parties appeared before the Court the morning of January 14, 2025, the Court provided Defendant until 6:00 p.m. that day to file a response to Plaintiff's Notice. The parties were in court until approximately 1:42 p.m. About four hours later, Defendant timely filed its response opposing Plaintiff's Notice and established that the guidance at issue, in addition to the Federal Regulations contained in Defendant's Proposed Exhibit M (which the Court had taken under advisement), constitute written interpretations or opinions under 42 U.S.C. § 2000e-12(b). (*See* ECF No. 83). Defendant also established that it was otherwise entitled to rely upon those Federal Regulations and guidance in good faith when making its decision on Plaintiff's religious accommodation request. (*Id.*). Further, Defendant refuted Plaintiff's strained argument regarding *Groff*. (*Id.*).

On January 15, 2025, the Court conducted a brief oral argument regarding Plaintiff's Notice and Defendant's good faith defense under 42 U.S.C. § 2000e-12(b). During arguments, the Court asked whether there was precedent from the Sixth Circuit or Eastern District of Michigan on the availability of 42 U.S.C. § 2000e-12(b) as a defense. In response, defense counsel explained that given

3

Plaintiff's late-night filing and counsel's appearance at trial on January 14, 2025, Defendant had very limited time to prepare its response. Nonetheless, Defendant raised the arguments set forth more fully in its response (ECF No. 83). Ultimately, the Court stated that it did not want to be the first court in this judicial district or the Sixth Circuit to rule on this issue. Based on that reasoning, the Court denied Defendant's request to include the good faith defense set forth in 42 U.S.C. § 2000e-12(b) in the jury instructions or on the verdict form.

Upon subsequent research, both the Sixth Circuit and the Eastern District of Michigan[1]—as well as the Supreme Court—have spoken on the availability of 42 U.S.C. § 2000e-12(b) as a complete defense to Title VII liability. In light of this precedent, Defendant respectfully submits that the Court made a mistake in precluding Defendant's good faith defense under 42 U.S.C. § 2000e-12(b) based on the record and law before it at the time its decision was made. Because correcting this error would result in a different outcome, Defendant respectfully requests that this Court reconsider its prior decision.

### III. STANDARD FOR MOTIONS FOR RECONSIDERATION

E.D. Mich. L.R. 7.1(h)(2)(a) provides that motions for reconsideration of non-final orders may be brought if "the court made a mistake, correcting the

---

[1] Opinions attached as **Exhibit A**.

mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision."

## IV.   LEGAL ARGUMENT

Both the Sixth Circuit and the Eastern District of Michigan have spoken on 42 U.S.C. § 2000e-12(b) and have applied it. First, in *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1194 (6th Cir. 1995), the Sixth Circuit affirmed summary judgment in favor of the defendant-employer based on the good faith defense in 42 U.S.C. § 2000e-12(b). In *Plott*, the plaintiff-employee filed suit under Title VII challenging the defendant-employer's affirmative action program instituted as part of an EEOC conciliation agreement relative to its hiring practices. The defendant argued that it could not be held liable pursuant to 42 U.S.C. § 2000e-12(b) because it relied in good faith on a letter from the EEOC stating that its actions would not constitute a violation of Title VII. *Plott*, *supra*, at 1194. In affirming summary judgment for the defendant, the Court found that the letter met the requirements of 29 C.F.R. § 1601.93 (1995) and concluded, "[c]onsequently, as long as [defendant] acted in good faith in attempting to comply with the Agreement, it did not violate Title VII." *Id.* (citing *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 423, n. 17, 45 L.Ed 2d 280, 95 S. Ct. 2362 (1975) (noting that good faith reliance on EEOC opinion conveys complete immunity in Title VII actions)); *see also EEOC v. Monarch Mach. Tool Co.*, Nos. 77-3526-7, 1980 U.S.

App. LEXIS 21767, at *16 (6th Cir. Nov. 14, 1980) ("Title VII itself recognizes a complete, but very narrow, immunity for employer conduct shown to have been undertaken 'in good faith, in conformity with, and in reliance on any written interpretation or opinion of the [EEOC].' … It is not for the courts to upset this legislative choice to recognize only a narrowly defined 'good faith' defense.")

Additionally, in *EEOC v. Healthcare & Ret. Corp. of Am.*, No. 07-13670, 2009 U.S. Dist. LEXIS 70008 (E.D. Mich. Aug. 11, 2009) (Tarnow, A.), the Eastern District of Michigan also spoke on 42 U.S.C. § 2000e-12(b), stating, "[u]nder Title VII, a putative defendant is not subject to liability where it relied on a written interpretation or opinion of the EEOC." (citing 42 U.S.C. § 2000e-12(b)). Based on this precedent, both the Sixth Circuit and this judicial district have spoken on 42 U.S.C. § 2000e-12(b) and have applied it. And as the Supreme Court stated, "it is not for the courts to upset this legislative choice[.]" 422 U.S. at 423, n. 17.

In light of this authority, and the reasons set forth more fully in Defendant's response (ECF No. 83) and on the record during oral argument on January 15, Defendant believes the Court made a mistake in precluding Defendant's good faith defense under 42 U.S.C. § 2000e-12(b). Because correction of this mistake would result in a different outcome and was based on the record and law before it at the time of its prior decision, Defendant respectfully requests that the Court reconsider

6

its decision and include Defendant's good faith defense both in the jury instructions and as a special interrogatory on the verdict form. Additionally, correction of this mistake will avoid potential reversible error.

## V. CONCLUSION

Based on the foregoing, Defendant respectfully request that the Court grant its motion for reconsideration and include Defendant's good faith defense both in the jury instructions and as a special interrogatory on the verdict form. Defendant further renews its request for admission of Defendant's proposed Exhibit M (EEOC Regulations on Religious Discrimination, 29 C.F.R. 1605).

Respectfully submitted,
JACKSON LEWIS P.C.

/s/ Elyse K. Culberson
Allan S. Rubin (P44420)
Elyse K. Culberson (P82132)
Benjamin D. Wu (P85635)
Attorneys for Defendant
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900
allan.rubin@jacksonlewis.com
elyse.culberson@jacksonlewis.com

Dated: January 15, 2025                benjamin.wu@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

On this day January 15, 2025, the undersigned did cause to be filed the foregoing document with the Court using the CM/ECF system, which will send notice of its filing to all counsel of record.

*/s/ Elyse K. Culberson*

4910-7653-9920, v. 3